UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGIE'S BRAND, INC, et al.,

    Plaintiffs,

v.

SAFEWAY, INC. et al.,

    Defendants.

No. 12 CV 7918
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On June 24, 2013, I issued an order dismissing all claims in this case.[1] The crux of my ruling was that Plaintiffs had failed to allege facts from which I could plausibly infer that Defendants had engaged in intentional race discrimination.[2] Plaintiffs' allegations of race discrimination were conclusory in nature and were undercut by the fact that Safeway had instituted a Diversity Supplier Program and had done business with Plaintiffs for nearly ten years without any issues. In order to "nudge [their] claims of purposeful discrimination across the line from conceivable to plausible," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), I stated that Plaintiffs would have to at least "plead some facts to show that Defendants have treated non-minority suppliers differently when it ran into similar problems with their products." Plaintiff has moved to set aside my dismissal and for leave to file a Second Amended Complaint. That motion is granted. I now assess the adequacy of the Second Amended Complaint.

The Second Amended Complaint contains several new allegations that are responsive, at least on their face, to my instruction that Plaintiffs allege facts to show Safeway has treated

---

[1] I incorporate my June 24, 2013 Opinion and Order herein by reference.
[2] My ruling that Plaintiffs failed to adequately allege intentional discrimination disposed of the federal claims in this case. I dismissed the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

1

similarly situated non-minority suppliers differently. For example, paragraph 52 alleges that four of Safeway's suppliers have issued voluntary recalls in the past year due to possible Salmonella and other bacterial contamination and that Safeway did not terminate its relationship with any of these suppliers. Paragraph 52 also alleges that a supplier issued a voluntary recall due to "mislabeling and undeclared egg allergen"—again, Safeway is alleged to have continued its relationship with the supplier notwithstanding the recall. I do not find the allegations in paragraph 52 to be helpful to Plaintiffs cause. The Complaint does not allege that any of these products were actually contaminated, or that Safeway customers came into contact with a contaminated product from one of the named suppliers before the recalls were effectuated. It is not possible to draw a plausible inference of race discrimination based on these allegations.

Paragraphs 56-58 have a little more traction. Plaintiffs allege that Safeway has not discontinued its relationship with Kraft Foods, a non-minority owned Safeway supplier, despite reported occurrences of mold being found in Capri Sun Fruit Drink, which is made by Kraft and sold by Safeway. Nevertheless, these facts fall short of the Rule 8 plausibility line for two reasons. First, Kraft Foods is one of the largest grocery manufacturing and processing companies in the world and it produces a wide range of food products, whereas Margie's is a very small supplier that produces a narrow range of food products. It is difficult to draw an inference of race discrimination based on the fact that Safeway might have chosen to continue its relationship with Kraft despite isolated mold problems but not Margie's. From Defendants' standpoint, the cost/benefit analysis of discontinuing business with Kraft would be quite unlike the cost/benefit analysis applied to Margie's. In the Court's view, Kraft and Margie's are not comparable suppliers, and there are too many non-race based explanations for Defendants' differential treatment of the two to support a plausible inference of race discrimination.

Second, Plaintiffs do not allege any facts to show that Capri Sun Fruit Drinks that contained mold were ever purchased from a Safeway store. As such, I have no factual basis to infer that Safeway received complaints about moldy Kraft products from unhappy Safeway customers (or otherwise was aware of the occurrence of mold in the drinks), and without that I cannot plausibly infer that Margie's was purposefully treated differently from Kraft (let alone that the differential treatment was motivated by race).

I am going to give Plaintiffs one last chance to re-plead. There are three categories of factual allegations that would go a long way in allowing me to draw a plausible inference of race discrimination. First, Plaintiffs allege that "Safeway contracts with minority suppliers for the purchase of less than 1% of their food and beverage supplies." Standing alone, this allegation is probative of nothing. I would like to know what percentage of grocery supply companies are minority owned, and how Safeway's share of business with minority-owned companies compares to other national chain grocery stores such as Kroger and Jewel. Second, it would be helpful if Plaintiff alleged facts to show other instances in which it believes Safeway has discriminated against other minority-owned suppliers. Finally, Plaintiffs should allege facts to show that non-minority owned suppliers of *similar size/product scope* as Margie's have been treated more favorably when their products were found to be defective.

I do not mean to impose a heightened pleading standard on Plaintiffs. I am simply trying to balance Plaintiffs' right to their day in court with the underlying concern of *Iqbal*—that the doors to expensive and time-consuming discovery not be unlocked absent well-supported factual allegations. As currently pled, the Second Amended Complaint is "consistent with" Plaintiffs' claims of intentional race discrimination, but does not yet ring plausible given the more likely explanations I have laid out. *See Iqbal*, 556 U.S. at 681. In the interests of justice, I am giving

Plaintiffs one final opportunity to re-plead.

ENTER:

James B. Zagel
United States District Judge

DATE: August 9, 2013